UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SHEKHAR SURESH PATIL,<br><br>Plaintiff,<br><br>v.<br><br>MINNESOTA STATE UNIVERSITY, MANKATO; and INTER FACULTY ORGANIZATION,<br><br>Defendants. | Civil No. 12-1052 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE** |

Shekhar Suresh Patil, 327 Blue Earth Street, Mankato, MN 56001, *pro se*.

Gary R. Cunningham, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendant Minnesota State University, Mankato.

Kathryn M. Engdahl and Richard L. Kaspari, **METCALF, KASPARI, ENGDAHL & LAZARUS, P.A.**, 2356 University Avenue West #230, St. Paul, MN 55114-1850, for defendant Inter Faculty Organization.

Plaintiff Shekhar Suresh Patil brought this action against his former employer, Minnesota State University, Mankato ("MSUM"), and the Inter Faculty Organization ("IFO"), the exclusive bargaining representative for the faculty of the Minnesota State Universities system. His complaint is based on the circumstances surrounding his termination from his position as a probationary, tenure-track faculty member in the Department of Construction Management in the College of Science, Engineering and Technology at MSUM. Patil brings claims under numerous federal statutes, as well as

state claims for breach of contract against MSUM and state claims for breach of fiduciary responsibility, breach of contract, and breach of the duty of fair representation against the IFO.  Patil also seeks to bring claims under the United States Constitution and the Minnesota Constitution.  The IFO filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and MSUM filed a motion to dismiss under Rule 12(b)(6).  Patil filed a motion for default judgment against MSUM.

On December 10, 2012, United States Magistrate Judge Janie S. Mayeron issued a detailed, forty-two page Report and Recommendation ("R&R") addressing these motions and each of Patil's claims.  (Docket No. 37.)  She recommended granting the IFO's motions, granting MSUM's motion, and denying Patil's motion.  Patil has now objected to the R&R, on largely unclear grounds, and has not directly addressed the thorough analysis contained within the R&R.  Having conducted a *de novo* review of those portions of the R&R to which Patil appears to object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. LR 72.2(b), and having carefully reviewed the submitted materials, the Court will overrule Patil's objections and adopt the R&R in its entirety.

The Court will provide a brief description of its understanding of Patil's objections.  Patil first argues that the concept of a cause of action is vague and that the rules applied by this Court are arbitrary.  He then appears to complain, among other arguments, that MSUM did not serve an answer to his summons and complaint, that the IFO blatantly lied to a federal investigator, that he cannot be deprived of his rights under

the Minnesota Constitution based on the judgment of his peers,[1] that he is not seeking damages, and that entities have been vague about the exact date when an employee must seek the "truthful reason" for his termination.  He also discusses his educational background and support he has received from various individuals for the positions he has taken in this action.

As noted, Patil's complaint alleges a host of federal and state law claims, each of which the Magistrate Judge addresses separately in the R&R.  Patil's objections, however, fail to identify the aspects of the Magistrate Judge's analysis with which he disagrees.  In such circumstances, the Court finds that Patil failed to identify a basis for rejecting the R&R of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Despite this failure, the Court has independently reviewed the files, records, and proceedings of this case which could conceivably be relevant to Patil's objections and finds his objections meritless.  The Court will therefore overrule Patil's objections and adopt the R&R.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 38] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated December 10, 2012 [Docket No. 37]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Inter Faculty Organization's Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim [Docket No. 5] and Motion to Dismiss Under Rule

---

[1] As the R&R notes, Patil raised this claim at oral argument but not in his complaint. (R&R at 17-18.)

12(b)(1) [Docket No. 28] are **GRANTED**.  Plaintiff's claims against the IFO are **DISMISSED with prejudice**.

2. Defendant Minnesota State University, Mankato's Motion to Dismiss Complaint [Docket No. 16] is **GRANTED**.  Plaintiff's claims against MSUM are **DISMISSED with prejudice**.

3. Plaintiff's Motion for Default Judgment as to Minnesota State University, Mankato [Docket No. 19] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 27, 2013  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge